CARRIE K. S. OKINAGA     5958-0
　University General Counsel
DEREK T. MAYESHIRO     6858-0
derekmay@hawaii.edu
SARAH S. P. MORIARTY     9058-0
sarah.moriarty@hawaii.edu
　Associate General Counsels
University of Hawaiʻi
2444 Dole Street, Bachman Hall 110
Honolulu, Hawaiʻi  96822
Telephone: (808) 956-2211
Facsimile:  (808) 956-2109

Attorneys for Defendant
UNIVERSITY OF HAWAIʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| JOHN TOMA, | ) | CIVIL NO. 16-00499 KSC |
| | ) | |
| Plaintiff, | ) | **DEFENDANT UNIVERSITY OF HAWAII'S ANSWER TO FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE** |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY OF HAWAIʻI, | ) | |
| | ) | [DKT NO. 7] |
| Defendant. | ) | |
| _____ | ) | Trial Date Not Set |

## DEFENDANT UNIVERSITY OF HAWAII'S ANSWER TO FIRST AMENDED COMPLAINT

Comes now, Defendant UNIVERSITY OF HAWAIʻI

("Defendant"), by and through its attorneys, CARRIE K. S. OKINAGA,

General Counsel, and DEREK T. MAYESHIRO and SARAH S. P.

MORIARTY, Associate General Counsels, and hereby files its Answer to Plaintiff JOHN TOMA's ("Plaintiff") First Amended Complaint filed on October 4, 2016 ("Complaint"), and alleges and avers as follows:

## FIRST DEFENSE

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND DEFENSE

2. Defendant denies the allegations contained in Paragraphs 1, 3, 21, 22, 25, 30, 37, 38, 39, 40, 51, 53, 54, 58, 59, 60, 66, 67, 68, 91, 93, 95, 97, 101, 102, 103, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 124, 133, 134, 138, 139, 140, 141, 142, 143, 145, 146, 150, 151, 152, and 154 of the Complaint.

3. Defendant admits to the allegations contained in Paragraphs 2, 4, 9, 29, 50, 61, 69, 77, 105, 111, 132, 135, and 136 of the Complaint.

4. Defendant is without information and/or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 5, 6, 10, 11, 12, 13, 16, 17, 18, 19, 20, 23, 24, 26, 27, 28, 31, 32, 33, 34, 35, 41, 42, 43, 44, 45, 47, 48, 49, 52, 55, 56, 57, 63, 65, 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 92, 94, 96, 98, 99, 100, 104, 106, 107, 108, 109, 110, 112, 123, 125, 126,

127, 128, 129, 130, 131, 137, and 144 of the Complaint and therefore denies the same.

5. With respect to Paragraph 7 of the Complaint, the Defendant admits that it is an institution of higher learning. Defendant affirmatively states that it is a state university and constitutes a body corporate. Defendant denies the remaining allegations contained in said Paragraph.

6. With respect to the allegations contained in Paragraph 8 of the Complaint, Defendant affirmatively states that it receives monies from the federal government. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

7. With respect to the allegations contained in Paragraph 14 of the Complaint, the Defendant admits that Plaintiff took the United States Medical Licensing Examination Step 1. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

8. With respect to the allegations contained in Paragraph 15 of the Complaint, the Defendant admits that Plaintiff did not pass the United States Medical Licensing Examination Step 1. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

9. With respect to the allegations contained in Paragraph 36 of the Complaint, Defendant admits that Dr. Richard Smerz replaced Dr. Mary Ann Antonelli as the Director of the Office of Student Affairs at JABSOM. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

10. With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendant admits that the SSPC met on January 12, 2011 to review Plaintiff's case. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said Paragraph and therefore denies the same.

11. With respect to the allegations contained in Paragraph 62 of the Complaint, the allegation purports to be a quotation from the

JABSOM Academic Appeals Policy which speaks for itself.  Defendant denies any factual allegations contained in said Paragraph.

       12.    With respect to the allegations contained in Paragraph 64 of the Complaint, Defendant admits that on or about February 18, 2011, the AAC stated in part "there are no grounds for a formal hearing at this time." Defendant denies the remaining allegations contained in said Paragraph.

       13.    With respect to the allegations contained in Paragraph 78 of the Complaint, the April 7, 2011 letter speaks for itself.  Defendant denies any factual allegations contained in said Paragraph.

       14.    With respect to Paragraph 148, it purports to be a statement of law that does not require an admission or denial and the referenced law speaks for itself.  Defendant denies any factual allegations contained in said Paragraph.

       15.    With respect to the allegations contained in Paragraph 149 of the Complaint, Defendant admits that it receives federal financial assistance.  Defendant denies the remaining allegations in said Paragraph.

       16.    Defendant denies each and every allegation contained in the Complaint not specifically admitted herein above.

17. In response to allegations contained in Paragraphs 147 and 153 of the Complaint, Defendant repeats, realleges, and incorporates its responses herein.

### THIRD DEFENSE

18. Plaintiff's claims are barred by the sovereign immunity of the State of Hawaiʻi.

### FOURTH DEFENSE

19. The University of Hawaiʻi is immune from suit in federal court on Plaintiff's claims by the Eleventh Amendment of the United States Constitution.

### FIFTH DEFENSE

20. Plaintiff's claims are barred by absolute and or qualified immunity.

### SIXTH DEFENSE

21. Plaintiff failed to utilize the processes and procedures made available by the Defendant that would have prevented or corrected the alleged injuries.

### SEVENTH DEFENSE

22. Plaintiff's claims are barred by the applicable statute of limitation.

## EIGHTH DEFENSE

23. Plaintiff's claims against Defendant are barred by section 304A-108 of the Hawai'i Revised Statutes.

## NINETH DEFENSE

24. Defendant's conduct and statements, insofar as they relate to any matter or issue raised by the Plaintiff in the Amended Complaint, were not the legal or proximate cause of any injury allegedly suffered by Plaintiff.

## TENTH DEFENSE

25. Plaintiff has failed to mitigate damages.

## ELEVENTH DEFENSE

26. Plaintiff is not a qualified person with a disability.

## TWELFTH DEFENSE

27. Plaintiff is not entitled to recover punitive damages as an award of punitive damages would violate Defendant's rights under the Constitution of the United States of America and under the Constitution of the State of Hawai'i, including Defendant's right to (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Hawai'i; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 12 of the Constitution of the State of Hawai'i; and (3) substantive due process as provided in the Fifth and

Fourteenth Amendments of the United States Constitution and Article I of the Constitution of the State of Hawaiʻi.

### THIRTEENTH DEFENSE
28. This Court lacks subject matter jurisdiction.

### FOURTEENTH DEFENSE
29. Plaintiff failed to exhaust his administrative remedies.

### FIFTEENTH DEFENSE
30. Plaintiff failed to file suit within the required time after receiving a right sue letter.

### SIXTEENTH DEFENSE
31. Any action taken by the Defendant was for lawful and legitimate business reasons.

### SEVENTEENTH DEFENSE
32. Plaintiff lacks standing.

### EIGHTEENTH DEFENSE
33. Defendant intends to rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure and intends to seek leave to amend its answer to allege any such matters of which it may become aware during the course of discovery or trial of this action.

### NINETEENTH DEFENSE

34. Any accommodation sought by Plaintiff was not reasonable.

### TWENTIETH DEFENSE

35. Defendant reserves the right to identify additional defenses which may be adduced through further investigation and discovery.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests as follows:

A. That the Complaint be dismissed with prejudice;

B. That Defendant be awarded attorneys' fees and costs, as provided by law; and

C. That Defendant be awarded such other and further relief as the Court deems just and proper under the circumstances.

DATED: Honolulu, Hawaiʻi, October 27, 2016.

    /s/ *Derek T. Mayeshiro*
CARRIE K. S. OKINAGA
  University General Counsel
DEREK T. MAYESHIRO
SARAH S. P. MORIARTY
  Associate General Counsels
Attorneys for Defendant
UNIVERSITY OF HAWAIʻI