IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JOHN TOMA,                          )   CIVIL NO. 16-00499 RLP
                                    )
            Plaintiff,              )   MEMORANDUM OPINION AND ORDER
                                    )   GRANTING DEFENDANT'S MOTION FOR
      vs.                           )   SUMMARY JUDGMENT
                                    )
UNIVERSITY OF HAWAII,               )
                                    )
            Defendant.              )
_____    )

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On July 18, 2018, Defendant's Motion for Summary
Judgment came on for hearing.  Brian K. Mackintosh, Esq. appeared
on behalf of Plaintiff; Derek T. Mayeshiro, Esq. appeared on
behalf of Defendant.  After carefully considering the parties'
submissions, the relevant legal authority, and the arguments of
counsel at the hearing, the Court GRANTS Defendant's Motion.

PROCEDURAL BACKGROUND

Plaintiff, a former student at the John A. Burns School
of Medicine, University of Hawaii at Manoa, filed this action on
September 11, 2016, alleging that he was discriminated against on
the basis of his disability in violation of Section 504 of the
Rehabilitation Act of 1973, as amended, and Title II of the
Americans with Disabilities Act of 1990 ("ADA"), as amended.  See
ECF No. 1.

After the Court granted Defendant's Motion for Judgment
on the Pleadings, Plaintiff filed a Second Amended Complaint.

See ECF Nos. 35, 36.  On January 16, 2018, the Court granted in part and denied in part Defendant's Motion to Dismiss Second Amended Complaint.  ECF No. 45.  In that Order, the Court declined to recognize a claim for hostile education environment. Id.  The Court also dismissed with prejudice all of Plaintiff's claims that were based on acts that occurred prior to September 11, 2012, because such claims were barred by the applicable statute of limitations.  Id.  The Court stated that Plaintiff's claims based on acts that occurred on or after September 11, 2012, are not time barred and remain pending.  Id.

In the present Motion, Defendant asks the Court to dismiss all of Plaintiff's claims as barred by the law of the case doctrine and to grant summary judgment to the extent any of Plaintiff's claims remain.  See ECF No. 46.

DISCUSSION

**I.  Defendant's Request to Dismiss Plaintiff's Second Amended Complaint As Barred Under the Law of the Case Doctrine is DENIED.**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Review under Rule 12(b)(6) is generally limited to the contents of the complaint.  Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).  Plaintiff's allegations of material fact are

2

taken as true and construed in the light most favorable to Plaintiff. Id. Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the present Motion, Defendant argues that all of Plaintiff's claims must be dismissed under the law of the case doctrine. "Under the law of the case doctrine, a court is generally precluded from reconsidering an issue previously decided by the same court if the issue in question was decided explicitly or by necessary implication in the previous disposition." E.E.O.C. v. Glob. Horizons, Inc., 904 F. Supp. 2d 1074, 1091 (D. Haw. 2012) (quoting United States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)). As noted above, the Court previously ruled that Plaintiff cannot assert a claim for hostile educational environment because such a claim is not recognized in the Ninth Circuit. ECF No. 45. Defendant argues that Plaintiff only asserts hostile environment claims in the Second Amended Complaint and therefore Plaintiff's claims must be dismissed because they are barred under the law of the case doctrine. ECF No. 46-1 at 16-17.

Based on the Court's review of the allegations in the Second Amended Complaint and the liberal pleading standards that apply, the Court finds that Plaintiff's Second Amended Complaint articulates a claim for discrimination based on Defendant's

discrete acts. The Court agrees with Defendant that the allegations contained under the headings "Count I" and "Count II" of the Second Amended Complaint only reference a hostile environment. See ECF No. 36 ¶¶ 170, 173. However, other allegations in the Second Amended Complaint specifically allege that Defendant discriminated against Plaintiff through specific acts. Specifically, Plaintiff alleges that Defendant, through the actions of the Chancellor's Designee, "discriminated against [Plaintiff] because of his disability and violated his rights as a disabled person." Id. ¶ 161. This allegation is sufficient for the Court to consider the merits of Plaintiff's claims for discrimination based on Defendant's specific acts. Accordingly, Defendant's request to dismiss the Second Amended Complaint under the law of the case doctrine is DENIED.

**II. All of Plaintiff's Claims Based on Acts That Occurred Prior to September 11, 2012, Were Dismissed with Prejudice in the Court's Prior Order.**

Before addressing Defendant's request for summary judgment, the Court must address Plaintiff's attempt to revive claims that were previously dismissed with prejudice. As expressly stated in the Court's prior Order, all claims based on acts that occurred prior to September 11, 2012, are time barred. ECF No. 45. These claims were expressly dismissed with prejudice. Id. Further, the Court held that the only claims

that remained pending were claims based on acts that occurred on or after September 11, 2012. Id. The only specific act alleged in the Second Amended Complaint that occurred on or after September 11, 2012, is the September 11, 2012 denial by the Chancellor's Designee, Vassilis Syrmos, of Plaintiff's appeal of the decision finding no discrimination by Dr. Jerris Hedges and Dr. Richard Smerz. ECF No. 36 ¶¶ 152-161.

In his Opposition to the present Motion, Plaintiff states that he "now also alleges that [Vice Chancellor Reed Dasenbrock's] active concealment of the Fact Finders Report constitutes another specific action, the injury of which came to pass on September 11, 2012." ECF No. 55. The Court rejects Plaintiff's attempt to resurrect this time-barred claim by stating that the "injury" from this action "came to pass on September 11, 2012." Id. In the Second Amended Complaint, Plaintiff alleges that he requested the Fact Finder's Report from Vice Chancellor Dasenbrock on July 9, 2012. ECF No. 36 ¶ 145. Further, Plaintiff alleges that he submitted additional requests for the Report on July 18, 2012, and July 19, 2012, with copies of the request sent to the Office of General Counsel and the Chancellor's office. Id. ¶¶ 146-148. Plaintiff alleges that he submitted his appeal without the benefit of the Report on July 20, 2012. Id. ¶ 149. All of the acts related to the Fact Finder Report as alleged in the Second Amended Complaint occurred before

September 11, 2012. Plaintiff was "injured" when he was not provided with a copy of the Fact Finder Report as requested and when he submitted his appeal without the benefit of the Report, all of which occurred in July 2012, before the four-year statute of limitations. See De Anza Props. X, Ltd. v. Cnty. of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991) ("The statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury."). This time-barred claim was dismissed with prejudice in the Court's prior order. The only claims that remain in this action are Plaintiff's claims related to the September 11, 2012 denial of Plaintiff's appeal of the decision finding no discrimination by Dr. Jerris Hedges and Dr. Richard Smerz. ECF No. 36 ¶¶ 152-161.

**III. Defendant's Request for Summary Judgment on Plaintiff's Remaining Claims is GRANTED.**

As detailed below, the Court finds that Defendant is entitled to summary judgment on Plaintiff's remaining claims because Plaintiff has failed to establish a genuine issue of material fact regarding his prima facie case.

**A. Undisputed Material Facts.**

Plaintiff was accepted as a medical student at the John A. Burns School of Medicine, University of Hawaii at Manoa, in July 2005. See ECF No. 47, Concise Statement of Facts in Support of Defendant University of Hawaii's Motion for Summary Judgment

("Def.'s Stmnt.") ¶ 1; ECF No. 61, Plaintiff's Supplemental
Concise Statement of Facts in Opposition to Defendant University
of Hawaii's Motion for Summary Judgment ("Pl.'s Stmnt.") ¶ 1. At
the time of acceptance, Plaintiff did not have any learning
difficulties. ECF No. 47, Def.'s Stmnt., ¶ 3; ECF No. 61, Pl.'s
Stmnt., ¶ 3. During Plaintiff's first semester, his performance
on his Unit 1 exam was "borderline" and he was referred to a
school learning specialist, who recommended studying and learning
strategies. ECF No. 47, Def.'s Stmnt., ¶ 4; ECF No. 61, Pl.'s
Stmnt., ¶ 4. Plaintiff was notified that he received an
unsatisfactory grade for his Basic Physical Exam Sequence in
January 2006. ECF No. 47, Def.'s Stmnt., ¶ 5; ECF No. 61, Pl.'s
Stmnt., ¶ 5. Plaintiff was notified that he did not pass his
Unit 2 exams in March 2006, and was allowed to retake the exams.
ECF No. 47, Def.'s Stmnt., ¶ 6; ECF No. 61, Pl.'s Stmnt., ¶ 6.
Plaintiff failed his Unit 2 makeup exam and met with his learning
specialist to discuss the failure. ECF No. 47, Def.'s Stmnt.,
¶ 8; ECF No. 61, Pl.'s Stmnt., ¶ 8. Plaintiff admitted that he
did not adequately prepare for the Pathology and Anatomy section
of the exam. ECF No. 47, Def.'s Stmnt., ¶ 9; ECF No. 61, Pl.'s
Stmnt., ¶ 9. Plaintiff was referred to the school's Evaluation
Review and Remediation Committee and was allowed to retake Unit 2
in the fall of 2006. ECF No. 47, Def.'s Stmnt., ¶ 10; ECF No.
61, Pl.'s Stmnt., ¶ 10. Plaintiff's graduation date was revised

7

from May 2009 to May 2010.  Id.

Plaintiff continued to meet with his learning specialist in July 2006, October 2006, and January 2007.  ECF No. 47, Def.'s Stmnt., ¶ 11; ECF No. 61, Pl.'s Stmnt., ¶ 11.  In February 2007, Plaintiff failed his BioMed 552 Lab, but was allowed to take a makeup test.  ECF No. 47, Def.'s Stmnt., ¶ 12; ECF No. 61, Pl.'s Stmnt., ¶ 12.  Plaintiff's failure of his BioMed 552 Lab resulted in another referral to the school's Evaluation Review and Remediation Committee, which recommended a remediation plan, including developing test taking strategies, organizational and time management skills, and stress and anxiety coping skills.  ECF No. 47, Def.'s Stmnt., ¶ 13; ECF No. 61, Pl.'s Stmnt., ¶ 13.  Plaintiff's learning specialist requested assistance from other faculty to help Plaintiff and he passed his BioMed 552 makeup test.  ECF No. 47, Def.'s Stmnt., ¶ 14; ECF No. 61, Pl.'s Stmnt., ¶ 14.

Plaintiff was reviewed by the school's Student Standing and Promotions Committee in April 2007, which allowed him to stay in the curriculum and encouraged him to seek an evaluation for sleep and anxiety issues.  ECF No. 47, Def.'s Stmnt., ¶ 15; ECF No. 61, Pl.'s Stmnt., ¶ 15.  Plaintiff failed his Unit 3 exam in the spring of 2007.  ECF No. 47, Def.'s Stmnt., ¶ 16; ECF No. 61, Pl.'s Stmnt., ¶ 16.  Plaintiff claimed that his poor performance was because "his car was broken into, and he lost valuable study

material" and conceded that he studied very little for his lab exams. Id. Plaintiff was allowed to take a Unit 3 makeup exam. ECF No. 47, Def.'s Stmnt., ¶ 17; ECF No. 61, Pl.'s Stmnt., ¶ 17. Prior to his Unit 3 makeup exam, Plaintiff was treated by a health professional for sleep and anxiety issues and was on medication allowing a deeper sleep. Id. Plaintiff failed the Unit 3 makeup exam. Id. After he failed the Unit 3 makeup exam, Plaintiff was referred again to the school's Student Standing and Promotions Committee, which placed Plaintiff on an academic leave of absence for six months and required that during this time he continue treatment for anxiety and sleep difficulty and address time management and organizational issues. Id. Plaintiff was required to re-enter the curriculum in January 2008, and his graduation date was changed to May 2011. Id.

Plaintiff was notified that he failed the MDED 556 course and received an incomplete for MD6 in December 2008. ECF No. 47, Def.'s Stmnt., ¶ 18; ECF No. 61, Pl.'s Stmnt., ¶ 18. Plaintiff was allowed to remediate his failure. Id. Plaintiff continued treatment for anxiety and sleep and was taking medication and exercises to assist with sleep. Id. Plaintiff was required to appear again before the Student Standing and Promotions Committee on January 14, 2009. ECF No. 47, Def.'s Stmnt., ¶ 19; ECF No. 61, Pl.'s Stmnt., ¶ 19. The Student Standing and Promotions Committee noted Plaintiff's academic

history, including: (1) failure of Unit 2 exam; (2) failure of Unit 2 makeup exam; (3) incomplete BIOM552 lab exam; (4) failure of BIOM553 lab exam; (5) failure of BIOM553 lab makeup exam; (6) academic probation for one year from July 2007 through July 2008; and (7) failure of MDED556 MEQ/MCQ composite, NBME Neuroscience exam and lab composite exam.  Id.  The Student Standing and Promotions Committee placed Plaintiff on academic probation pending his USMLE Step 1 exam results and required that he take the USMLE Step 1 exam by the end of May 2009.  ECF No. 47, Def.'s Stmnt., ¶ 20; ECF No. 61, Pl.'s Stmnt., ¶ 20.  The Student Standing and Promotions Committee also noted that any additional failures would lead to dismissal.  Id.  Plaintiff continued to see his learning specialist in January and March 2009, and passed his makeup exams for MD6.  ECF No. 47, Def.'s Stmnt., ¶ 21; ECF No. 61, Pl.'s Stmnt., ¶ 21.

Plaintiff met with his learning specialist in April 2009 to discuss his preparation for the USMLE Step 1 exam.  ECF No. 47, Def.'s Stmnt., ¶ 22; ECF No. 61, Pl.'s Stmnt., ¶ 22. However, Plaintiff did not take the USMLE Step 1 exam by May 2009 as required by the Student Standing and Promotions Committee. Id.  On July 8, 2009, the Student Standing and Promotions Committee allowed Plaintiff to take the USMLE Step 1 exam by the end of July 2009, but he was not allowed to start his third year clinical clerkships until he passed.  Id.  In making its

decision, the Student Standing and Promotions Committee stated
that "[a]ny failure to progress in the curriculum, which includes
taking exams as scheduled (except for extenuating circumstances)
will likely lead to your dismissal." Id. Plaintiff failed the
USMLE Step 1 exam on July 29, 2009. ECF No. 47, Def.'s Stmnt.,
¶ 23; ECF No. 61, Pl.'s Stmnt., ¶ 23. Plaintiff scored 163 and a
185 was needed to pass. Id. After Plaintiff failed the USMLE
Step 1 exam, the school attempted for months to contact him by
telephone and email, but he did not respond. ECF No. 47, Def.'s
Stmnt., ¶ 24; ECF No. 61, Pl.'s Stmnt., ¶ 24.

On February 10, 2010, the Student Standing and
Promotions Committee allowed Plaintiff to retake the USMLE Step 1
exam by April 28, 2010, and directed that he return to the
Student Standing and Promotions Committee in June 2010 to
re-enter the curriculum. ECF No. 47, Def.'s Stmnt., ¶ 25; ECF
No. 61, Pl.'s Stmnt., ¶ 25. Plaintiff did not register to take
the USMLE Step 1 exam by the end of April 2010 as directed. ECF
No. 47, Def.'s Stmnt., ¶ 26; ECF No. 61, Pl.'s Stmnt., ¶ 26. The
school attempted to contact Plaintiff by certified mail on May
13, 2010, but the letter was returned unclaimed. Id.

Plaintiff's treating psychiatrist notified the school
on June 7, 2010, that Plaintiff was depressed and requested that
he be given four to six months medical leave. Id. The school
retroactively granted Plaintiff a leave of absence for the months

that he was missing, granted him an additional 6 months leave, and adjusted his graduation date to May 2013. Id. Per his psychiatrist, Plaintiff would appear before the Student Standing and Promotions Committee by January 2011. Id. The school notified Plaintiff on December 10, 2010, that he must appear before the Student Standing and Promotions Committee on January 12, 2011. ECF No. 47, Def.'s Stmnt., ¶ 27; ECF No. 61, Pl.'s Stmnt., ¶ 27.

Plaintiff met with the new Director of the Office of Student Affairs at the school, Dr. Richard Smerz, on January 5, 2011. ECF No. 47, Def.'s Stmnt., ¶ 26; ECF No. 61, Pl.'s Stmnt., ¶ 26. The Student Standing and Promotions Committee notified Plaintiff on January 14, 2011, that he was dismissed for (1) multiple unsatisfactory performance evaluations; (2) failure to take the USMLE Step 1 exam by April 2010 and return to the Student Standing and Promotions Committee; and (3) serious concerns regarding Plaintiff's total time at the school without reaching his third year clerkships and his two year absence from the school with marginal performance. ECF No. 47, Def.'s Stmnt., ¶ 30; ECF No. 61, Pl.'s Stmnt., ¶ 30.

It is critical for medical students to have the medical knowledge they learn in the first two years of medical school fresh in their minds as they start their third year clinical clerkships where patient care begins. ECF No. 47, Def.'s Stmnt.,

¶ 28; ECF No. 61, Pl.'s Stmnt., ¶ 28.

The school's Policy for the Assessment of Medical Student Performance states that a student may be dismissed for reasons including failure to meet the standards of academic progress and/or professionalism; failure of the USMLE with academic malperformance; more than five appearances before the Student Standing and Promotions Committee; a pattern of academic malperformance; failure to register for courses in a timely manner; failure to complete the program in seven years excluding leaves of absences. ECF No. 47, Def.'s Stmnt., ¶ 31; ECF No. 61, Pl.'s Stmnt., ¶ 31.

Plaintiff appealed his dismissal to the Academic Appeals Committee, which was denied. ECF No. 47, Def.'s Stmnt., ¶ 32; ECF No. 61, Pl.'s Stmnt., ¶ 32. Plaintiff appealed that decision to Dr. Jerris Hedges at the Office of the Dean. Id. Dr. Hedges also denied Plaintiff's appeal. Id.

Plaintiff filed two discrimination complaints with the Office of the Vice Chancellor alleging discrimination by Dr. Smerz and Dr. Hedges. ECF No. 47, Def.'s Stmnt., ¶ 35; ECF No. 61, Pl.'s Stmnt., ¶ 35.

As noted above, the only claims that remain in this action are Plaintiff's claims related to the September 11, 2012 denial by the Chancellor's Designee, Vassilis Syrmos, of Plaintiff's appeal of the decision finding no discrimination by

13

Dr. Smerz and Dr. Hedges.  <u>See</u> ECF No. 36 ¶¶ 152-161.

## B.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  "A fact is material when, under the governing substantive law, it could affect the outcome of the case.  A genuine issue of material fact arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 310 F.3d 1188, 1194 (9th Cir. 2002) (internal citations omitted).  If the evidence "could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  If the moving party carries its burden, then "its opponent must do more than simply show that there is some metaphysical doubt as to the material

14

facts [and] . . . come forward with specific facts showing that there is a genuine issue for trial." Id. at 586-87 (citations omitted).

To survive summary judgment, Plaintiff must present evidence to establish a prima facie case of discrimination based on his disability. Plaintiff must produce evidence that: (1) he is disabled; (2) he is otherwise qualified to remain a student at the school and meets the essential eligibility requirements of the school with or without reasonable accommodation; (3) he was dismissed solely because of his disability; and (4) the school receives federal financial assistance or is a public entity. Wong v. Regents of Univ. of Cal., 192 F.3d 807, 816 (9th Cir. 1999), *as amended* (Nov. 19, 1999) (quoting Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999)).[1]

Here, Defendant assumes that Plaintiff is disabled and that it receives federal assistance and is a public entity. See ECF No. 46. Defendant argues that it is entitled to summary judgment because there is no genuine issue of material fact that Plaintiff was not otherwise qualified to remain at the school and was not dismissed solely because of his disability. Id.

---

[1] The same analysis applies to claims under the ADA and the Rehabilitation Act. See Zukle, 166 F.3d at 1045 n.11 ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act").

**1.  There Is No Genuine Issue of Material Fact That
Plaintiff Was Not Otherwise Qualified to Remain at the School.**

First, Defendant argues that it is entitled to summary
judgment because Plaintiff cannot meet his prima facie burden to
show that he was otherwise qualified to remain a student at the
school.   ECF No. 46-1 at 20-22.   Defendant argues that the
undisputed material facts show that Plaintiff's requested
accommodation was not reasonable and that even if the requested
accommodation had been granted, Plaintiff would not meet the
school's academic standards.   Id.

To show that he is otherwise qualified, Plaintiff
bears the initial burden of producing evidence that a reasonable
accommodation exists and that this accommodation would enable him
to meet the school's essential eligibility requirements.   Wong,
192 F.3d at 816-17 (citing Zukle, 166 F.3d at 1047).   The
reasonableness of a requested accommodation is evaluated "in
light of the totality of [Plaintiff's] circumstances."   Zukle,
166 F.3d at 1048.   The burden then shifts to Defendant to produce
rebuttal evidence that either (1) the suggested accommodation is
not reasonable because it would substantially alter the academic
program, or (2) that Plaintiff is not qualified because even with
the accommodation, the student could not meet the school's
academic standards.   Id.   The Ninth Circuit has held that a
school's academic decisions are entitled to deference.   Id. at

1047; <u>Wong</u>, 192 F.3d at 817; <u>see</u> <u>also</u> <u>Doe v. Samuel Merritt</u>
<u>Univ.</u>, 921 F. Supp. 2d 958, 968 (N.D. Cal. 2013).  "We typically
defer to the judgment of academics because courts generally are
ill-equipped, as compared with experienced educators, to
determine whether a student meets a university's reasonable
standards for academic and professional achievement."  <u>Wong</u>, 192
F.3d at 817.  However, "[t]his deference is not absolute."  <u>Id.</u>
"Subsumed within this standard is the institution's duty to make
itself aware of the nature of the student's disability; to
explore alternatives for accommodating the student; and to
exercise professional judgment in deciding whether the
modifications under consideration would give the student the
opportunity to complete the program without fundamentally or
substantially modifying the school's standards."  <u>Id.</u> at 818.
The Ninth Circuit has held that although "the ultimate
determination of whether an individual is otherwise qualified
must be made by the court, we will extend judicial deference to
the evaluation made by the institution itself, absent proof that
its standards and its application of them serve no purpose other
than to deny an education to handicapped persons."  <u>Zukle</u>, 166
F.3d at 1047-48 (citations omitted).

Here, the evidence is undisputed that Defendant made
itself aware of the nature of Plaintiff's disability.  After
Plaintiff was treated by a health professional for sleep and

anxiety issues, the school's Student Standing and Promotions Committee placed Plaintiff on an academic leave of absence for six months and required that during this time he continue treatment. ECF No. 47, Def.'s Stmnt., ¶ 17; ECF No. 61, Pl.'s Stmnt., ¶ 17. After Plaintiff's treating psychiatrist notified the school that Plaintiff was depressed and requested that he be given four to six months medical leave, the school retroactively granted Plaintiff a leave of absence for the months that he was missing, granted him an additional 6 months leave, and adjusted his graduation date. ECF No. 47, Def.'s Stmnt., ¶ 26; ECF No. 61, Pl.'s Stmnt., ¶ 26. Further, the evidence is undisputed that Defendant provided Plaintiff several alternative accommodations. Specifically, the school provided a learning specialist who met with Plaintiff numerous times, allowed Plaintiff to take multiple makeup exams, allowed Plaintiff to retake several units of academic study, and allowed Plaintiff to take multiple leaves of absences. The issue is whether Plaintiff's request that he be given an additional accommodation, namely that he be allowed until April 2011 to retake the USMLE Step 1 exam, was reasonable. See ECF No. 46-1 at 20-21. Plaintiff argues that if this additional accommodation was reasonable, the evidence shows that he was qualified because he had successfully completed all other elements of the curriculum except for passing the USMLE Step 1 exam. See ECF No. 55 at 14-15. Defendant has presented evidence

that granting this request would sacrifice the integrity of its program. Specifically, Defendant has presented undisputed evidence that it is critical for medical students to have the medical knowledge they learn in the first two years of medical school fresh in their minds as they start their third year clinical clerkships where patient care begins. ECF No. 47, Def.'s Stmnt., ¶ 28; ECF No. 61, Pl.'s Stmnt., ¶ 28. Plaintiff was required to pass the USMLE Step 1 exam before beginning his third year clinical clerkships. Plaintiff completed his first two years of medical school in 2009. His requested accommodation was to be given until April 2011 to retake the USMLE Step 1 exam, which would have been two years after he completed his first two years of medical school. Although the school had given Plaintiff until April 2010 to retake the USMLE Step 1 exam, Plaintiff's additional requested accommodation would have delayed the start of his third year clinical clerkships an additional year. Thus, even if Plaintiff had been given the requested additional accommodation, by the time he retook the USMLE Step 1 exam, two years would have passed since he completed his first two years of medical school. Further, Defendant has presented undisputed evidence that it reached its decision to dismiss Plaintiff after the school's Student Standing and Promotions Committee met several times to discuss Plaintiff's performance and develop plans to address his academic issues.

Based on the undisputed facts,[2] Defendant made itself aware of Plaintiff's disability, provided several alternative accommodations for Plaintiff, and exercised professional judgment in deciding that the additional time requested to retake the USMLE Step 1 exam would fundamentally modify its standards. <u>See</u> <u>Wong</u>, 192 F.3d at 818. The Court defers to Defendant's academic decision that it is critical for medical students to have the medical knowledge they learn in the first two years of medical school fresh in their minds as they start their third year clinical clerkships and that allowing a student to take the USMLE Step 1 exam two years after the student completes the first two years of medical school would sacrifice the integrity of its program. Accordingly, Plaintiff has not established that his

---

[2] Although the Court reaches its conclusion based on the undisputed facts, the Court notes that it can only consider admissible evidence in ruling on a motion for summary judgment. <u>See</u> <u>Orr v. Bank of Am.</u>, 285 F.3d 764, 773–74 (9th Cir. 2002). As noted in Defendant's Reply, Rule 56(c)(4) requires that a declaration used to oppose a motion for summary judgment must be made on personal knowledge. <u>See</u> ECF No. 58 at 3-4. The only declaration submitted in support of Plaintiff's Opposition is the declaration of counsel, in which Plaintiff's counsel attempts to authenticate fifty-four documents attached to his declaration by stating that these documents are "true and correct" copies. <u>See</u> ECF Nos. 54-1, 59-1. The documents at issue include documents produced in discovery by Defendant, letters from Plaintiff's treating doctors, and correspondence between the school and Plaintiff. Importantly, Plaintiff's counsel was not the author of any of these documents and was not the custodian of record for any of these documents. <u>Id.</u> Counsel's statement that these documents are "true and correct" copies is meaningless without personal knowledge. <u>See</u> <u>Romero v. Nevada Dep't of Corr.</u>, No. 2:08-CV-808-JAD- VCF, 2014 WL 4828802, at *7 n.6 (D. Nev. Sept. 30, 2014), <u>aff'd</u>, 673 F. App'x 641 (9th Cir. 2016).

requested accommodation was reasonable or that he would have been able to meet the school's requirements with the requested accommodation.  See Zukle, 166 F.3d at 1050.  Because Plaintiff cannot meet his prima facie burden to show that he is otherwise qualified to remain a student at the school, Defendant is entitled to summary judgment.[3]

**2.   There Is No Genuine Issue of Material Fact That Plaintiff Was Not Dismissed Solely Because of His Disability.**

Second, even assuming that Plaintiff could meet his burden to show that he is otherwise qualified, Defendant argues that it is entitled to summary judgment because Plaintiff cannot meet his prima facie burden to show that he was dismissed solely because of his disability.  ECF No. 46-1 at 22-24.  Defendant argues that the undisputed material facts show that Plaintiff was dismissed because of his poor academic history.  Id.

As detailed above, the undisputed facts show that Plaintiff's performance on his Unit 1 exam was "borderline," that he received an unsatisfactory grade for his Basic Physical Exam Sequence, that he did not pass his Unit 2 exams, that he failed

_____

[3] In its Reply, Defendant argues alternatively that Plaintiff is not otherwise qualified because the claims related to his dismissal were barred by the statute of limitations.  See ECF No. 58 at 7-9.  The Court need not address this argument. See Local Rule 7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  Further, the Court will not address Defendant's counsel related argument regarding the applicable statute of limitations raised for the first time during the hearing on July 18, 2018.

his Unit 2 makeup exam, that he failed his BioMed 552 Lab, that he failed his Unit 3 exam, that he failed the Unit 3 makeup exam, that he failed the MDED 556 course, that he received an incomplete for MD6, and that he failed the USMLE Step 1 exam. ECF No. 47, Def.'s Stmnt., ¶ 4, 5, 6, 8, 12, 16, 17, 18, 23; ECF No. 61, Pl.'s Stmnt., ¶ 4, 5, 6, 8, 12, 16, 17, 18, 23. The Student Standing and Promotions Committee notified Plaintiff that he was dismissed for (1) multiple unsatisfactory performance evaluations; (2) failure to take the USMLE Step 1 exam by April 2010 and return to the Student Standing and Promotions Committee; and (3) serious concerns regarding Plaintiff's total time at the school without reaching his third year clerkships and his two year absence from the school with marginal performance. ECF No. 47, Def.'s Stmnt., ¶ 30; ECF No. 61, Pl.'s Stmnt., ¶ 30. The school's policy states that a student may be dismissed for failure to meet the standards of academic progress and a pattern of academic malperformance. ECF No. 47, Def.'s Stmnt., ¶ 31; ECF No. 61, Pl.'s Stmnt., ¶ 31.

Based on the undisputed evidence, Plaintiff has failed to establish that he was dismissed solely because of his disability. Setting aside Plaintiff's request for additional time to retake the USMLE Step 1 exam, the undisputed evidence shows that Plaintiff failed exams, makeup exams, units of study, and repeated courses and units, that Defendant's policy provides

that students may be dismissed for failure to meet the standards
of academic progress, and the Student Standing and Promotions
Committee notified Plaintiff that he was dismissed in part
because of unsatisfactory performance evaluations.  The
undisputed material facts show that Plaintiff was dismissed
because of his academic performance and not solely because of his
disability.  Because Plaintiff cannot meet his prima facie burden
to show that he was dismissed solely because of his disability,
Defendant is entitled to summary judgment.

<u>CONCLUSION</u>

The Court GRANTS Defendant's Motion for Summary
Judgment and DIRECTS the Clerk of the Court to enter judgment
consistent with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, JULY 18, 2018.

Richard L. Puglisi
United States Magistrate Judge

<u>TOMA v. UNIVERSITY OF HAWAII</u>; CIVIL NO. 16-00499 RLP; MEMORANDUM
OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT